**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JIMMY JACKSON,

       *Plaintiff*,

vs.

       Case No. 09-2316-EFM

CITY OF WICHITA, KANSAS,

       *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6). The issue before this court is whether Plaintiff Jimmy Jackson provided sufficient service of process in order to give the Court jurisdiction over Defendant City of Wichita. For the following reasons, the Court grants the motion.

## I. Facts and Background

On August 21, 2009, Defendant filed a motion seeking to dismiss all claims on the basis that Plaintiff failed to provide sufficient service and service of process under Federal Rules of Civil Procedure 12(b)(4) and (5). On September 9, 2009, Plaintiff, appearing pro se, filed "Jackson's Motion Not to Dismiss," an unresponsive motion in opposition to the motion to dismiss.

In its motion, Defendant alleges the summons was addressed to the City of Wichita at 455 N. Main, Wichita, Kansas. It states that service was discovered on August 7, 2009, at the Express Office

(part of the Finance Department) in the Wichita City Hall.  Defendant states the date and method of attempted service is unknown.

## II.  Legal Standard

Federal Rule of Civil Procedure 4(j) provides that a state or local government must be served by delivery to the Chief Executive Officer, or under applicable state law.  Kan. Stat. Ann. § 60-304(d)(3) requires that a city be served by service to the clerk or mayor.

"A federal court is without personal jurisdiction over a defendant if service of process is found insufficient under Federal Rule of Civil Procedure 4."[1]  The burden is on the plaintiff to show the service was adequate.[2]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[3]  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[4]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[5]

## IV.  Analysis

Under Kansas law, service and service of process were insufficient.  Service was improperly addressed to the City of Wichita at 455 N. Main, Wichita, Kansas.  Proper service should have been addressed to the city clerk's office or the mayor (the equivalent of a Chief Executive Officer).  It was

---

[1]*Oltremari v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994) (quoting *Hunt v. Bd. of Educ.*, 1989 WL 121292, at *1 (N.D. Ill. Sept. 28, 1989)).

[2]*Id.* at 1349 (quoting *Blue Ocean Lines v. Universal Process Equip., Inc.*, 1993 WL 403961, at *4 (S.D.N.Y Oct. 7, 1993)).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]*Id.*

[5]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

not delivered to the city clerk's office or the mayor. Instead, it was delivered to the Express Office, which is not authorized to accept service.

The court recognizes that Plaintiff is pro se; however, his response to Defendant's motion wholly fails to address the issue of sufficient service. Plaintiff has failed to meet his burden to show the service was adequate. Defendant was not properly served; therefore, the Court does not have jurisdiction over Defendant City of Wichita.

**IT IS ACCORDINGLY ORDERED** this 13th day of May, 2010 that Defendant's Motion to Dismiss (Doc. 6) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE